**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: April 1 2016

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | Case No. 15-33503 |
| | ) | |
| Gertrudes Gonzalez, | ) | **Chapter 7** |
| | ) | |
| **Debtor.** | ) | **JUDGE JOHN P. GUSTAFSON** |

### ORDER RE: "MOTION TO EXTEND DISCHARGEABILITY DEADLINE"

This cause comes before the court on Debtor Gertrudes Gonzales' "Motion for Extension of Dischargeability Deadline for the Purpose of Filing Reaffirmation Agreement" ("Motion"). [Doc. # 33]. The Motion makes it clear that the purpose of the extension is to allow the Debtor an opportunity to file reaffirmation agreement(s) with regard to her residence. This is Debtor's second request for an enlargement of time to file reaffirmation agreement(s).

The "dischargeability deadline" is not relevant to what Debtor seeks to accomplish through the filed Motion. Under Section 524(c)(1), a Chapter 7 reaffirmation agreement must be "made" before the granting of a discharge under Section 727. Federal Rule of Bankruptcy Procedure 4004(c)(2) provides that on motion of the debtor, "the court may defer the entry of an order granting a discharge for 30 days". Upon Motion within that 30-day extension, the court may "defer the entry of the order to a date certain." *See*, Fed. R. Bankr. P. 4004(c)(2). The requirement that the reaffirmation be "made" before the granting of the discharge is one deadline for a valid reaffirmation agreement.

There is a second deadline, under Federal Rule of Bankruptcy Procedure 4008(a), which requires

the reaffirmation agreement to be filed "no later than 60 days after the first date set for the meeting of creditors under §341(a) of the Code". However, Rule 4008(a) permits the court to grant an extension: "The court may, at any time and in its discretion, enlarge the time to file a reaffirmation agreement." Notably, the entry of the Debtor's discharge may also be delayed under Rule 4004(c)(1)(J), when "a motion to enlarge time to file a reaffirmation agreement under Rule 4008(a) is pending;".

Thus, it appears that the Debtor is seeking: 1) to defer the granting of the Debtor's discharge under Rule 4004(c)(2); and 2) requesting an enlargement of time to file the reaffirmation agreement under Rule 4008(a). The court will construe Debtor's Motion as requesting the entry of an Order granting this relief.

Accordingly, cause appearing,

**IT IS ORDERED** that pursuant to Rule 4004(c)(2) the granting of the discharge shall be deferred until April 29, 2016; and

**IT IS FURTHER ORDERED** that pursuant to Rule 4008(a), the time to file the reaffirmation agreement shall be extended to April 29, 2016; and

**IT IS FINALLY ORDERED** that no further extensions of time on this matter will be allowed.

###

2

15-33503-jpg    Doc 37    FILED 04/01/16    ENTERED 04/01/16 14:47:21    Page 2 of 2